Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janice Arvidson, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Asset Acceptance, LLC, | ) |
| | ) |
| Defendant. | ) |

### NATURE OF ACTION

1.   This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.   This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.   Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

**PARTIES**

4.  Plaintiff Janice Arvidson ("Plaintiff") is a natural person who at all relevant times resided in the State of Arizona, County of Gila, and City of Payson.

5.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.  Defendant Asset Acceptance, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.  Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

8.  Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9.  Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, a personal Bank of America credit card.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. In or about March 2007, Plaintiff paid in full her Bank of America credit card account (the "Account") and Plaintiff subsequently closed the Account. (See Bank

of America statement, attached as Exhibit A; see Experian Credit Report, attached as Exhibit B).

12. Despite Plaintiff's full payment of the Account, in or about May 25, 2013, Defendant began placing calls to Plaintiff's residence in connection with the collection of the Account.

13. In or about June 2, 2013, in connection with the collection of the Account, Defendant's agent and/or employee placed a call to Plaintiff's residence, and at such time, spoke with Plaintiff.

14. During the conversation that ensued, Defendant represented to Plaintiff that Defendant was collecting an amount of $307.00 for Bank of America.

15. During the June 2, 2013 conversation, Plaintiff disputed the alleged amount owed, and further stated that the Account was paid in full in 2007.

16. Despite Plaintiff's dispute and full payment of the Account, Defendant continued to place calls to Plaintiff's residence, in connection with the collection of the Account, including, but not limited to, the following dates and times:

- June 4, 2013 at 1:16 P.M.;
- June 5, 2013 at 2:54 P.M.;
- June 10, 2013 at 9:10 A.M.;
- June 11, 2013 at 8:18 A.M.;
- June 12, 2013 at 2:46 P.M.;
- June 13, 2013 at 8:31 A.M.;
- June 15, 2013 at 10:13 A.M.;
- June 17, 2013 at 10:08 A.M.;
- June 18, 2013 at 3:08 P.M.;
- June 19, 2013 at 12:22 P.M.;
- June 20, 2013 at 12:51 P.M.; and
- June 21, 2013 at 4:37 P.M.

17. In connection with the collection of the Account, Defendant's agent and/or employee "Lila" placed a call to Plaintiff's residence on June 25, 2013, and at such time, Plaintiff demanded that Defendant cease and desist from placing any and all further calls to Plaintiff, as Plaintiff had paid the Account in full.

18. During the above-referenced calls, Defendant falsely represented the amount of the Account by stating that Plaintiff owed an outstanding balance to Bank of America, despite the fact that Plaintiff had paid the Account in full in 2007.

19. Further, Defendant failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692g *et seq.*, either in its May 25, 2013 initial communication with Plaintiff, or in writing within 5 days thereafter, as Plaintiff never received any written communication from Defendant.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**

20. Plaintiff repeats and re-alleges each and every factual allegation above.

21. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

22. Plaintiff repeats and re-alleges each and every factual allegation above.

23. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiff, including, but not limited to: misrepresenting the amount of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692f

24. Plaintiff repeats and re-alleges each and every factual allegation above.

25. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt, including, but not limited to: collecting an amount from Plaintiff that has been paid in full.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692g(a)

26. Plaintiff repeats and re-alleges each and every factual allegation above.

27. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g *et seq.*, either in the initial communication with Plaintiff, or in writing within 5 days thereafter

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

28. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 22nd day of August, 2013

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff